10 P.(2d) 589

**GAASTRA et al. v. HOLMES.**

No. 3616.

Supreme Court of New Mexico.

April 12, 1932.

Gilbert & Hamilton, of Santa Fé, for appellant.

Roberts, Brice & Sanchez, of Santa Fé, for appellees.

WATSON, J.

This is a suit by architects for agreed compensation for furnishing plans and specifications and supervising construction, with cross-action for damages for breach of the contract of employment. The trial court made findings and rendered judgment for the full amount claimed in the complaint with no allowance for any damage. Defendant has appealed.

The difference which resulted in this litigation concerns certain defects in construction which the owner considered the fault of the architects, and for which the latter refused to admit liability.

The court found, in substance, that appellees fully performed their contract and were entitled to recover the unpaid balance of the contract price; that, except as to the heating, plumbing, and wiring, concerning which there is no dispute, the construction work was let by appellant and performed on a cash plus basis; that there are defects in construction as alleged, but that all such were pointed out to appellants by appellees with the advice that the construction was in those particulars improper; and that, where the plans and specifications were departed from, it was by direction of appellant and not the fault of appellees.

The first point relied on for reversal concerns a claimed variance between the complaint and the proofs. It is contended, not only that appellees have recovered on a different theory than that pleaded, but that the findings themselves are inconsistent and do not support the recovery. This is all based upon an attempt to hold appellees to the theory, said to have been pleaded and admitted in their testimony, that they warranted sound construction. This has no substantial merit, we think. Where the owner has independent relation to the contractor, the architect, of course, does not warrant the construction. He can do no more than warn the owner of defective workmanship or materials, or of failures to conform to specifications. That the court correctly interpreted the pleadings and proof as to appellees' undertaking, we do not doubt. His interpretation is at least reasonable, and, so, binding upon us.

But, even so, it is contended, the evidence fails to show a performance by appellees absolving them from responsibility for the unfortunate results. The contention is that such supervision was not given as to prevent the defects, and that they were pointed out only after the damage was done, and when the expense of remedying them must fall on appellant.

Appellant's case rests upon the conceded fact that the house is in many places nonresistent to moisture. His theory is that this is the result of the use of porous cement mixtures, which proper supervision by the architects would have avoided.

As to the lintels and water spouts, there is evidence that appellant rejected the speci-

fied materials and was warned that those adopted would absorb moisture and give trouble. This is denied, but on the conflict the findings control.

Water enters where roof and walls join. The cause is in dispute. Appellant claims it to be due to porous materials in the coping, and that the only remedy is complete replacement, to cost $1,000. Appellees claim that the trouble is with the flashings. The findings made do not expressly settle this point of difference. The court refused to find a failure to require proper materials in the coping. As the leakage was an admitted fact and one apparently recognized by the court, he must have accepted the theory that the trouble came from the flashings. Assuming this to be the true cause of the defect, and that appellees are at fault, no relief could have been given, since there is no evidence of the cost of repair or replacement.

If the absorption of moisture through the walls was caused by a porous material used in pointing, our examination of the record fails to disclose any evidence which would absolve appellees from fault. The difficulty here is that it is left questionable whether the leaks were thus caused, or whether they occurred where there had been a failure to point at all. If the latter was the cause, apparently appellees were not at fault.

The findings not having been successfully attacked, and seeming to support the result, the judgment must be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and HUDSPETH, J., concur.

PARKER and SADLER, JJ., did not participate.